IN UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

KRISTA WILSON
*on behalf of*
SANDY KAY THOMAS, Deceased                                     PLAINTIFF

vs.                          Civil No. 4:17-cv-04043

NANCY A. BERRYHILL                                              DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Krista Wilson, on behalf of, Sandy Kay Thomas, deceased, ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5. Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff protectively filed her applications for DIB and SSI on October 8, 2013. (Tr. 14). In these applications, Plaintiff alleges being disabled due to a history of degenerative arthritis, cerebrovascular accident, brain aneurism, depression, and pain. (Tr. 595). These applications were denied initially and again upon reconsideration. (Tr. 14).

Thereafter, Plaintiff requested an administrative hearing, and that hearing request was granted. (Tr. 511-513). Plaintiff's administrative hearing was held on April 19, 2016. (Tr. 412-446). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Diana Kizer testified at the hearing. *Id.*

On May 18, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 14-30). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2017. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 31, 2012, the alleged onset date. (Tr. 16, Finding 2).

The ALJ found Plaintiff had the following severe impairments: cervical and lumbar spine degenerative disc disease. (Tr. 16, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 23, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 23-29, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the full range of light work. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 29, Finding 6). The ALJ determined Plaintiff was capable of performing her PRW as a customer complaint clerk. *Id.* Based on this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from October 31, 2012 through the date of the decision. (Tr. 29, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. (Tr. 226-227). The Appeals Council denied this request for review. (Tr. 1-10). On June 8, 2017, Plaintiff

filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 11, 16. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that

3

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in the RFC determination and (B) by failing to consider the combined effects of Plaintiff's impairments. ECF No. 11, Pgs. 3-17. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 16. Because this Court finds the ALJ erred in his RFC determination of Plaintiff, this Court will only address this issue.

In support of her claim, Plaintiff offers the findings of Dr. Mohammed Khan, her treating pain management physician. Dr. Khan diagnosed Plaintiff with fibromyalgia and found she had tenderness to palpation of "all major joints" and "all major pressure points," respectively, and had

4

"limited" range of motion of "all major joints." (Tr. 1101, 1104). Dr. Khan also indicated Plaintiff's gait was steady but she was unable to stand erect. (Tr. 1235). Such restrictions would preclude her from performing light work as the ALJ found she could. *See* 20 C.F.R. § 404.1567(b) (2017). In the decision, the ALJ disregarded Dr. Khan's finding on this issue, stating only that the evidence was insufficient to establish fibromyalgia as an impairment under the requirements of SSR 12-2p. (Tr. 27).

Despite this finding, Dr. Khan is Plaintiff's treating physician, and the ALJ may disregard one or all of his findings but may only do so based upon "good reasons." *See Chesser v. Berryhill*, 858 F.3d 1161, 1164 (8th Cir. 2017). In the present action, the ALJ discounted Dr. Khan's findings without providing good reasons.

Thus, because the ALJ rejected this finding of a treating physician without a sufficient basis, the Court cannot find the ALJ's RFC determination–that Plaintiff retains the capacity to perform light work–is supported by substantial evidence in the record.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 25th day of April 2018.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE